IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN AND BARBRA WECKESSER | § | PLAINTIFFS |
| | § | |
| v. | § CIVIL ACTION NO. 1:08CV357-LG-RHW | |
| | § | |
| CHICAGO BRIDGE and IRON; | § | |
| L.G. BARCUS and SONS, INC.; | § | |
| MAYOR A. J. HOLLOWAY; and | § | |
| CITY OF BILOXI | § | DEFENDANTS |

## ORDER GRANTING IN PART AND DENYING IN PART
## THE CITY OF BILOXI'S MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [176] filed by the City of Biloxi. The plaintiffs have responded to the Motion, and the City has filed a reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion should be granted as to the plaintiffs' state law claims and National Environmental Policy Act claim and denied in all other respects.

### FACTS

The plaintiffs, who are acting *pro se,* filed this lawsuit against Chicago Bridge and Iron, L. G. Barcus and Sons, Inc., Mayor A. J. Holloway, and the City of Biloxi, alleging that the defendants damaged their property while constructing a water tower near their home between February and August of 2005. The plaintiffs also claim that the City wrongfully began eminent domain proceedings concerning their property in the fall of 2008 and negligently undertook repairs or alterations to the area surrounding the water tower between January and May of 2009, which resulted in additional flooding and damage to the plaintiffs' property. The plaintiffs asserted the following claims against the City on July 1, 2009: nuisance, negligence, a 5th Amendment takings claim, a 14th Amendment due process claim, a takings claim pursuant to the

Mississippi Constitution, and a claim pursuant to the National Environmental Policy Act.

## Discussion

**A. Jurisdiction**

The City initially alleged that this lawsuit is barred by this Court's determination that subject matter jurisdiction did not exist in a similar lawsuit filed by Mr. Weckesser in 2007. The City has since abandoned that argument and has conceded that the plaintiffs are domiciled in Alabama and that diversity jurisdiction exists in this lawsuit. Nevertheless, this Court must still determine whether jurisdiction exists because the parties to a lawsuit cannot create subject matter jurisdiction by consent. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Furthermore, this Court "must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties." *Howery*, 243 F.3d at 919.

Mr. Weckesser's first lawsuit was styled, *John Weckesser v. Chicago Bridge and Iron, L.G. Barcus, Inc., and City of Biloxi*, Civil Action No. 1:07cv982-LG-JMR. Both the 2007 lawsuit and the present lawsuit concern damage to a home in which Mr. and Mrs. Weckesser resided, which was allegedly caused by the construction of the water tower. In the 2007 lawsuit, the Court determined that diversity jurisdiction did not exist because both Mr. Weckesser and the City of Biloxi were residents of Mississippi, and federal question jurisdiction did not exist because he had failed to state a takings claim or a due process claim. Mr. Weckesser appealed that determination but never disputed that he was domiciled in Mississippi, because he claims that he did not understand the legal concept of "domicile" at that time. In the present lawsuit, both of the plaintiffs have signed affidavits [237] that demonstrate that their domicile is in fact Alabama, and, as stated previously, the City does not dispute this determination. However, this

Court must determine whether the prior determination of lack of subject matter jurisdiction bars this lawsuit.

"It has long been the rule that principles of res judicata apply to jurisdictional determinations– both subject matter and personal." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982). The Fifth Circuit has clarified that a decision regarding jurisdiction does not have any effect on the merits of the claim, but it bars the parties from relitigating the issues determined when ruling on the jurisdictional question. *Miller v. Nationwide Life Ins. Co.*, No. 06-31178, 2008 WL 3086783 at *4 (5th Cir. Aug. 6, 2008).

The requirements for demonstrating res judicata are:

> (1) that the prior judgment must have been rendered by a court of competent jurisdiction; (2) that there must have been a final judgment on the merits; (3) that the parties, or those in privity with them, must be identical in both suits; and (4) that the same cause of action must be involved in both suits.

*Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 282 (5th Cir. 2001). This Court had jurisdiction to determine its own jurisdiction in the 2007 lawsuit. *See Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1137 (5th Cir. 1980). Therefore, the first factor is satisfied. Furthermore, although there was no final judgment on the merits, the United States Supreme Court and Fifth Circuit have held that res judicata applies to jurisdictional determinations. As a result, the second factor is also satisfied.

As for the third factor, the parties to these lawsuits are not identical. The present lawsuit contains two additional parties, Mayor A. J. Holloway (a defendant) and Barbra Weckesser (a plaintiff). Thus, this Court must decide whether the new parties are in privity with the original parties to the lawsuit. The City of Biloxi previously alleged that Mr. and Mrs. Weckesser were in

privity because they jointly owned the house at issue, but this information is incorrect. Evidence previously submitted to this Court indicates that Mrs. Weckesser does not own the home at issue. Furthermore, as explained in this Court's previous Order [112] Mrs. Weckesser is seeking to recover for damage to her personal vehicle, and she is seeking damages for emotional distress. In addition, it should be noted that a husband and wife are not in privity solely because of their marital relationship. *See, e.g.*, *Rachuy v. Anchor Bank*, No. 08-1188 (DWF/RLE), 2009 WL 397098 at *3 (D. Minn. Feb. 17, 2009); *Roybal v. City of Albuquerque*, No. 08-0181 JB/LFG, 2009 WL 1300048 at *6 (D. N.M. 2009); *Burke v. L & J Food and Liquor, Inc.*, 945 S.W.2d 662, 664-65 (Mo. App. 1997); *Deli v. Hasselmo*, 542 N.W.2d 649, 656 (Minn. Ct. App. 1996). As a result, the Court finds that identity of parties does not exist in this lawsuit and the doctrine of res judicata does not bar this Court from determining whether diversity jurisdiction exists in the present lawsuit.

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, and the civil action is between citizens of different states. The Court finds that the plaintiffs have demonstrated that their domicile is Alabama. For example, Mr. Weckesser has an Alabama driver's license and handgun permit. He also has filed for a homestead exemption in Alabama but has never done so in Mississippi. Mrs. Weckesser has been a registered voter in Alabama since 1999, and both plaintiffs have stated under oath that their domicile has always been Alabama. None of the defendants to this lawsuit are residents of Alabama. As a result, diversity of citizenship exists. Furthermore, the plaintiffs are seeking more than $75,000 in this lawsuit. Therefore, this Court has diversity jurisdiction.

**B. The Plaintiffs' State Law Claims:**

Since the City of Biloxi is a governmental entity, the plaintiffs' state law takings, negligence, and nuisance claims are filed pursuant to the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq. The Tort Claims Act requires plaintiffs to provide governmental entities with notice of their claims ninety days prior to filing a lawsuit, and it requires plaintiffs to file their lawsuit within one year after the date of the tortious, wrongful, or otherwise actionable conduct. Miss. Code Ann. §11-46-11 (1), (3).

The plaintiffs' claims concerning the construction of the water tower accrued between February and August of 2005, but they did not file this lawsuit against the City until July 1, 2009. However, the plaintiffs claim that the City's conduct constituted a continuing tort because the construction of the water tower continues to cause flooding and damage to their property. Under Mississippi law, "[a] continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Smith v. Sneed*, 638 So. 2d 1252, 1256 (Miss. 1994)(quoting *Stevens v. Lake*, 615 So. 2d 1177, 1183 (Miss. 1993)). Therefore, the continued flooding of the property does not make this a continuing tort that would toll the statute of limitations. As a result, the Court finds that the plaintiffs' claims against the City that concern the initial construction of the water tower are barred by the one year statute of limitations and must be dismissed.

The plaintiffs' claims that concern the City's alleged negligence in attempting repairs or alterations to the area surrounding the water tower as well as the City's conduct in attempting eminent domain are not barred by the statute of limitations, but the plaintiffs failed to provide

any notice of those claims to the City prior to filing this lawsuit. "Strict compliance with statutory notice is required, regardless of why the plaintiff failed to provide notice." *Price v. Clark*, 21 So. 3d 509 (Miss. 2009) (citing *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815 (Miss. 2006)). As a result, these claims must also be dismissed.

**C. Federal Claims**

**1. National Environmental Policy Act**

The City argues that the plaintiffs' National Environmental Policy Act ("NEPA") claim should be dismissed because the statute does not create a private right of action. NEPA requires federal agencies to file an environmental impact statement before undertaking "major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(2)(c). NEPA does not authorize a private right of action, but judicial review of a federal agency's action is granted through the Administrative Procedure Act. *Friends of Tim Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 964 (6th Cir. 2009); *Sierra Club v. Penfold*, 857 F.2d 1307, 1315 (9th Cir. 1988); *see also* 5 U.S.C. § 702. A NEPA challenge is brought against the federal agency and its officers and is thus considered an action against the United States. *Penfold*, 857 F.2d at 1315. The City of Biloxi is not a federal agency. Therefore, the NEPA claim against the City must be dismissed.

**2. Federal Takings Claim and Due Process Claim**

The City did not request dismissal of these claims or demonstrate that these claims should be dismissed in their Motion. Therefore, these claims remain pending.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [176] filed by the City of Biloxi is **GRANTED** as to the plaintiffs' state law claims and National

Environmental Policy Act claim and **DENIED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 21ˢᵗ day of January, 2010.


                                           s/ *Louis Guirola, Jr.*
                                           LOUIS GUIROLA, JR.
                                           UNITED STATES DISTRICT JUDGE