# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN WECKESSER and § | | |
| BARBRA WECKESSER § | | PLAINTIFFS |
| § | | |
| v. § | CIVIL ACTION NO. 1:08CV357-LG-RHW | |
| § | | |
| CHICAGO BRIDGE AND IRON; L.G. § | | |
| BARCUS AND SONS INC.; A. J. § | | |
| HOLLOWAY; and CITY OF BILOXI § | | DEFENDANTS |

## ORDER DENYING PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF

**BEFORE THE COURT** is the Motion for Injunctive Relief [166] filed by the plaintiffs. The plaintiffs request a preliminary injunction enjoining the City of Biloxi and Mayor A. J. Holloway from discharging water from the Maple Street Water Tower and from performing excavations, backfilling, and grading near the tower. The plaintiffs claim that these actions by the defendants have caused flooding and damage to their property.

### DISCUSSION

A district court should issue a preliminary injunction only if the plaintiff demonstrates:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Palmer ex rel. Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

The plaintiffs have not demonstrated any of the necessary factors. First, they have not demonstrated that their takings and due process claims against the defendants have a substantial

likelihood of success on the merits. Rather, their Motion merely reiterates the claims asserted in their Complaint and Amended Complaint. Furthermore, they have not demonstrated a substantial threat of irreparable injury that this Court could prevent by issuing an injunction. The plaintiffs' pleadings describe harm that has allegedly already occurred, not harm that may occur in the future. In fact, they allege that the defendants have already caused so much damage to their property that they have essentially taken the property. Finally, the plaintiffs' request would disserve the public interest and would cause harm that outweighs any potential additional injury to the plaintiffs, because their request would deny water service to citizens residing near the water tower. Therefore, the Court finds that the plaintiffs' Motion must be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Injunctive Relief [166] filed by the plaintiffs is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 21th day of January, 2010.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE