**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JOHN AND BARBRA WECKESSER** | § | **PLAINTIFFS** |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:08CV357-LG-RHW** |
| | § | |
| **CHICAGO BRIDGE and IRON;** | § | |
| **L.G. BARCUS and SONS, INC.;** | § | |
| **MAYOR A. J. HOLLOWAY; and** | § | |
| **CITY OF BILOXI** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING THE MOTION FOR
SUMMARY FILED BY THE CITY OF BILOXI AND MAYOR A. J. HOLLOWAY AND
DISMISSING PLAINTIFFS' TAKINGS CLAIM FOR LACK OF JURISDICTION**

**BEFORE THE COURT** is the Motion for Summary Judgment [250] and Motion to Stay

[252] filed by the City of Biloxi and Mayor A. J. Holloway.  The plaintiffs, John and Barbra

Weckesser, have responded to the Motions, and the defendants have filed a reply.  Upon

reviewing the submissions of the parties and the applicable law, the Court finds that the Motion

for Summary Judgment should be granted.  The Court further finds that the defendants' Motion

to Stay is moot, since this Court has ruled on the Mayor's qualified immunity motion.

FACTS

The Weckessers, who are acting *pro se,* filed this lawsuit against Chicago Bridge and

Iron, L. G. Barcus and Sons, Inc., Mayor A. J. Holloway, and the City of Biloxi, alleging that the

defendants damaged their property while constructing a water tower near their home between

February and August of 2005.  They also claim that the City and the Mayor wrongfully began

eminent domain proceedings concerning their property in the fall of 2008 and negligently

undertook repairs or alterations to the area surrounding the water tower between January and

May of 2009, which resulted in additional flooding and damage to the Weckessers' property.

The Weckessers asserted the following claims against the City and the Mayor on July 1, 2009: nuisance, negligence, a 14th Amendment due process claim, a National Environmental Policy Act (NEPA) claim,[1] a 5th Amendment takings claim, and a takings claim pursuant to the Mississippi Constitution.[2] They also allege that the City and the Mayor are vicariously liable for any damages caused by the other defendants pursuant to the doctrine of *respondeat superior*. This Court has previously dismissed the Weckessers' state law and NEPA claims against the City. The Mayor and the City now seek dismissal of the remaining claims filed against them.

## DISCUSSION

Any party to a civil action may move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. FED. R. CIV. P. 56. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a

---

[1] A NEPA claim does not appear to be included in the Weckessers' Amended Complaint, but they later asserted it as a jurisdictional basis and the City sought dismissal of that claim in its prior Motion to Dismiss.

[2] In pleadings, the City and the Mayor repeatedly assert that this Court has "construed" the plaintiffs' amended complaint [107] to include takings claims. However, state and federal takings claims are specifically included in the Weckessers' complaint. (*See* Pls.' July 1, 2009 Am. Compl. [107] at ¶¶ 6,7, 11, 14).

genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

## I.  Municipal Liability

Section 1983 prohibits "persons" acting under color of law from depriving another of any "rights, privileges, and immunities secured by the Constitution and laws . . . ."  42 U.S.C. § 1983.  The United States Supreme Court has held that municipalities qualify as "persons" under Section 1983.  *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 (1978).  Lawsuits against government officials acting in their official capacities  "generally represent only another way of pleading an action against an entity of which an officer is an agent."  *Monell*, 436 U.S. at 690 n.55.

A municipality, or county, cannot be held liable solely because it employs a tortfeasor. *Id.* at 691.  Thus, supervisory liability under Section 1983 cannot be based on *respondeat superior*.  *Id.* at 694.  In order to demonstrate municipal liability pursuant to Section 1983, a plaintiff is required to demonstrate the following three elements: (1) a policymaker; (2) an official policy; (3) and a violation of constitutional rights whose "moving force" is the policy or custom.  *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

> Municipal liability for section 1983 violations results if a deprivation of constitutional rights was inflicted pursuant to official custom or policy. Official policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations.  But a policy may also be evidenced by custom that is: " . . . a persistent, widespread practice of City officials or employees, which, although not officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy . . . ."  Actions of officers or employees of a municipality do not render the municipality liable under section 1983 unless they execute official policy as above defined.

*Piotrowski*, 237 F.3d at 579 (quoting *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984)).  A plaintiff must also demonstrate that the municipality was "deliberately indifferent" to

the known consequences of the policy. *Id.* at 580. Deliberate indifference is an objective standard that encompasses "not only what the policymaker actually knew but what he should have known, given the facts and circumstances surrounding the official policy and its impact on the plaintiff's rights." *Lawson v. Dallas County*, 286 F.3d 257, 264 (5th Cir. 2002).

The Weckessers allege that the City and the Mayor failed to properly monitor the construction of the water tower and are liable for the other defendants' negligence in building the tower. They allege that the defendants' conduct violated their right to due process and their right of private use and enjoyment of their property.

However, the Weckessers cannot hold the City or the Mayor liable pursuant to the doctrine of *respondeat superior* under Section 1983. *Monell*, 436 U.S. at 694. As a result, the City and the Mayor cannot be held vicariously liable for any misconduct or negligence on the part of the other defendants. Furthermore, the Weckessers have not identified an official policy or custom that caused their damages. As a result, the City and the Mayor in his official capacity are entitled to summary judgment concerning the Weckessers' Section 1983 claims.

## II. TAKINGS CLAIMS

The Court finds that the Weckessers' federal takings claims must be dismissed, because they have not demonstrated that they used and exhausted available state court procedures to seek just compensation prior to bringing this lawsuit. *See John Corp. v. City of Houston*, 214 F.3d 573, 580 (5th Cir. 2000); *Weckesser v. Chicago Bridge & Iron*, No. 07-60987, 278 Fed. Appx. 295, 297 (5th Cir. May 6, 2008).

## III. QUALIFIED IMMUNITY

The Mayor requests summary judgment of the Weckessers' Section 1983 claims against

him pursuant to the doctrine of qualified immunity. This doctrine "shields government officials performing discretionary functions from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Waltman v. Payne*, 535 F.3d 342, 346 (5th Cir. 2008). Once a government official raises the doctrine of qualified immunity as a defense to a Section 1983 claim, the burden shifts to the plaintiff to rebut the defense. *Waltman*, 535 F.3d at 346. In order to rebut the defense, the plaintiff must demonstrate: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. *Id.*

The Weckessers argue that the Mayor attempted to purchase their property for the purpose of the expanding the water tower site at a lower than market value price after John Weckesser's initial lawsuit against the City was dismissed. The Weckessers further allege that when they rejected the offer, the Mayor retaliated by requesting presentation of a resolution to commence eminent domain proceedings. The Court finds that the Mayor is entitled to qualified immunity because an offer to purchase property and a subsequent request for a resolution to begin eminent domain proceedings are not unreasonable conduct under clearly established law. As a result, the Mayor is entitled to qualified immunity concerning the Weckessers' Section 1983 claims.

## IV. State Law Claims and Nepa Claims against the Mayor

As explained previously, the City of Biloxi previously filed a Motion to Dismiss, and that Motion was granted as to the Weckessers' state law claims and alleged NEPA claim. The docket sheet for this case shows that the Motion was only filed on behalf of the City of Biloxi. Also, the

opening paragraph of the Motion states that the Motion is being filed on behalf of the City. However, both the Mayor and the City are discussed throughout the Motion and the conclusion of the Motion requests dismissal of the claims against both the Mayor and the City. Due to the fact that the Motion was only filed on behalf of the City, the Court's Order [242] only dismissed the state law claims and NEPA claims against the City.

Since the Mayor now requests summary judgment regarding all remaining claims against him and since the Mayor, the City, and the Weckessers previously made arguments concerning the state law claims and alleged NEPA claims against the Mayor, the Court will now address the Mayor's request for dismissal. The Court finds that for the reasons stated in this Court's Order [242] Granting in Part and Denying in Part the City of Biloxi's Motion to Dismiss, that the Weckessers' state law claims and NEPA claims against the Mayor must be dismissed.

### V.  PUNITIVE DAMAGES

The Weckessers are not entitled to recover punitive damages from the City or the Mayor under either Section 1983 or Mississippi law. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Urban Renewal Agency v. Tackett*, 255 So. 2d 904, 905 (Miss. 1971); Miss. Code Ann. §11-46-15(2). As a result, the City's request for summary judgment concerning the Weckessers' punitive damages claims is granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [250] filed by the City of Biloxi and Mayor A. J. Holloway is **GRANTED**. The Weckessers' claims against the City of Biloxi and Mayor A. J. Holloway are hereby **DISMISSED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiffs' takings claim is dismissed without prejudice for lack of jurisdiction.

**IT IS FURTHER ORDERED AND ADJUDGED** that the defendants' Motion to Stay [252] is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 13th day of May, 2010.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE