# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN AND BARBRA WECKESSER** | § | **PLAINTIFFS** |
| | § | |
| v. | § CIVIL ACTION NO. 1:08CV357-LG-RHW | |
| | § | |
| **CHICAGO BRIDGE and IRON;** | § | |
| **L.G. BARCUS and SONS, INC.;** | § | |
| **MAYOR A. J. HOLLOWAY; and** | § | |
| **CITY OF BILOXI** | § | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART CHICAGO BRIDGE AND IRON'S MOTION FOR SUMMARY JUDGMENT REGARDING L.G. BARCUS' DUTY TO DEFEND AND INDEMNIFY

**BEFORE THE COURT** is Chicago Bridge and Iron (CBI)'s Motion for Summary Judgment regarding L.G. Barcus' Duty to Defend and Indemnify [259]. CBI seeks a determination that L.G. Barcus has a duty to defend and indemnify CBI for damages caused by L.G. Barcus' work. L.G. Barcus did not file a response in opposition to the Motion. Upon reviewing the submissions of the parties and the applicable law, the Court finds that CBI is entitled to a defense and indemnity from L.G. Barcus to the extent that damages were allegedly caused to the Weckessers' property by L.G. Barcus' work. However, no determination of liability on the part of L.G. Barcus has been made. Thus, the Court can only grant partial summary judgment in favor of CBI.

### FACTS

On January 17, 2005, CBI and L.G. Barcus entered into a subcontract agreement concerning the construction of a water tower in a residential area in Biloxi, Mississippi. (Ex. B to CBI's Mem.) L.G. Barcus served as the subcontractor under this agreement, and it agreed to install an AugerPile foundation. (*Id.* at 1, N-1). The parties agreed that the subcontract would be

construed in accordance with Texas law. (*Id.* at 1). The term "Work" is defined in the subcontract is defined as "all services, materials, and equipment to be provided by Subcontractor as required under the Subcontract Documents." (*Id.* at A-1). The subcontract provides:

> ARTICLE 7
> INDEMNITY AND INSURANCE
> 7.1 INDEMNITY
> 7.1.1 SUBCONTRACTOR'S PERFORMANCE
> (A) INDEMNITY – Subcontractor shall indemnify and defend [CBI] and, to the extent Contractor is obligated to any other persons, firms or corporations under its contract with its customer, Subcontractor agrees also to indemnify and defend those persons, firms or corporations and each of them, against and hold it and them harmless from any and all lawsuits, claims, demands, damages, liabilities, losses and expenses, including court costs and attorney's fees, for or on account of any injury to any person . . . or any death at any time resulting from such injury, or **any damage to any property, which may arise or which may be alleged to have arisen out of or in connection with the Work**. The foregoing indemnity shall not apply to a particular person to be indemnified hereunder to the extent that such injury, death or damage is caused directly by the sole negligence of that person.

(*Id.* at A-6) (emphasis added).

John and Barbra Weckesser filed this lawsuit against CBI, L.G. Barcus, the City of Biloxi, and Mayor A. J. Holloway, alleging that the construction of the water tower caused damage to their home. They allege that the tower was improperly built on a former landfill, and that the construction of the tower caused flooding, as well as an accumulation of silt on their property, which in turn caused snakes, flies, mosquitoes, and rodents to infest their property. In addition, they allege that a drilling rig was repeatedly slammed into the ground during the construction, which caused cracked ceilings, floors, and walls in their home. They also allege that cranes used during the construction caused additional damage to the floors, ceilings, and walls. Welding sparks also allegedly caused damage to the vinyl siding, window screens, and

shingles on their home. Furthermore, the defendants' overspray of epoxy paint allegedly damaged the Weckessers' home and vehicles.

CBI filed a cross-claim against L.G. Barcus, seeking a defense and indemnification against the claims asserted by the Weckessers. It has also filed the present Motion for Summary Judgment, seeking an order that L.G. Barcus owes CBI a defense and indemnity for all damages claimed by the Weckessers relating to L.G. Barcus's scope of work.

## DISCUSSION

Any party to a civil action may move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. FED. R. CIV. P. 56. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). Ultimately, the movant has the burden of establishing the absence of a genuine issue

of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

CBI and L.G. Barcus agreed that Texas law should be applied when interpreting the Subcontract. Choice of law clauses are presumptively valid, and this presumption may only be overcome by demonstrating that the clause was unreasonable under the circumstances due to fraud, overreaching, or violation of public policy. *Mitsui & Co. (USA) v. Mira M/V*, 111 F.3d 33, 36 (5th Cir. 1997). There is no allegation that the choice of law clause in the Subcontract at issue is unreasonable, and thus, the Court finds that it is valid and enforceable.

The Texas courts impose two fair notice requirements on indemnity agreements– the express negligence doctrine and the conspicuousness requirement. *Cable Constr., Inc. v. R S Clark Constr., Inc.*, 227 S.W.3d 314, 317 (Tex. App. 2007). The express negligence doctrine requires that any intent to indemnify one of the parties for its own negligence be specifically stated in the four corners of the document. *Cable Constr.*, 227 S.W. 3d at 317. The conspicuousness requirement "mandates that 'something must appear on the face of the [contract] to attract the attention of a reasonable person when he looks at it." *Id.* (quoting *Storage & Processors, Inc. v. Reyes*, 134 S.W.3d 190, 192 (Tex. 2004)). A clause is conspicuous if it is in larger or contrasting type or color or has a heading in all-capital letters, for example. *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 511 (Tex. 1993).

Indemnity contracts are construed under the normal rules of contract construction. *Gulf Ins. Co v. Burns Motors, Inc.*, 22 S.W.3d 417, 424 (Tex. 2000). A court's primary concern when

interpreting an indemnity agreement is "to ascertain and give effect to the party's intent as expressed in the contract." *Burns Motors*, 22 S.W.3d at 423. "When the contract is worded so that it can be given a certain or definite legal meaning it is not ambiguous and the court will construe the contract as a matter of law." *Id.*

It does not appear that CBI is seeking to hold L.G. Barcus liable for its own negligence, and the subcontract appears to exclude liability for a party's own negligence. Thus, the express negligence doctrine does not apply to this case. The Court further finds that the indemnity clause at issue is conspicuous because the indemnity clause appears after three headings that include the word "indemnity" in bold, all capital letters of a larger font. Thus, the clause would attract the attention of a reasonable person.

In addition, the indemnity clause is clear and unambiguous to the extent that it requires L.G. Barcus to defend CBI with regard to allegations that L. G. Barcus' work caused the Weckessers' alleged damages. Furthermore, the parties agreed that L.G. Barcus will indemnity CBI for any portion of damages assessed against it that were caused by L. G. Barcus' work. However, as explained previously, the Weckessers allege damages arising out of numerous types of work on the water tower, including painting, the usage of cranes, improper installation of silt screens, welding, back- filling, and grading. As a result, the Court finds that CBI is only entitled to indemnification and a defense related to damages that were caused or alleged to be caused by L.G. Barcus' work. CBI has not demonstrated that it is entitled to indemnity for its own negligence or for damage that was caused or alleged to be caused by the work of other subcontractors. Finally, it also should be noted that, at this time, there has not been a determination that any damage arose out of L. G. Barcus' work.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Chicago Bridge and Iron (CBI)'s Motion for Summary Judgment regarding L.G. Barcus' Duty to Defend and Indemnify [259] is **GRANTED** in part and **DENIED** in part. CBI is entitled to a defense with regard to allegations that L. G. Barcus' work caused the Weckessers' alleged damages. CBI will also be entitled to indemnity for any portion of damages assessed against it that were caused by L. G. Barcus' work. The Motion is denied in all other respects.

**SO ORDERED AND ADJUDGED** this the 13th day of May, 2010.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE