# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN AND BARBRA WECKESSER** | § | **PLAINTIFFS** |
| | § | |
| v. | § CIVIL ACTION NO. 1:08CV357-LG-RHW | |
| | § | |
| **CHICAGO BRIDGE and IRON;** | § | |
| **L.G. BARCUS and SONS, INC.;** | § | |
| **MAYOR A. J. HOLLOWAY; and** | § | |
| **CITY OF BILOXI** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER CONCERNING CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT REGARDING THE WECKESSERS' MENTAL ANGUISH CLAIMS

**BEFORE THE COURT** are the Motion for Partial Summary Judgment regarding John Weckesser's Mental Anguish Claims [261] filed by Chicago Bridge and Iron (CBI), the Motion for Partial Summary Judgment regarding Barbra Weckesser's Mental Anguish Claims [263] filed by CBI, John Weckesser's Motion for Partial Summary Judgment regarding his Mental Anguish Claims [284], and Barbra Weckesser's Motion for Partial Summary Judgment regarding her Mental Anguish Claims [286]. Since John and Barbra Weckesser have failed to present evidence of physical injury or conduct on the part of CBI that evokes outrage and revulsion, the Court finds that CBI is entitled to judgment as a matter of law concerning the Weckessers' mental anguish/emotional distress claims. Therefore, the Court finds that CBI's Motions for Partial Summary Judgment should be granted, and the Weckessers' Motions for Partial Summary Judgment should be denied.

## FACTS

The Weckessers filed this *pro se* lawsuit against the defendants, alleging that the construction of a water tower in their neighborhood caused damages to their home and vehicles.

They have also asserted claims of emotional distress/mental anguish. This Court has previously dismissed the Weckessers' claims against the City of Biloxi and Mayor A. J. Holloway. One of the remaining defendants, CBI, has filed motions seeking partial summary judgment concerning the emotional distress claims. The Weckessers filed cross-motions seeking partial summary judgment that they are entitled to damages for emotional distress.

At his deposition, John Weckesser was asked to describe the types of damages that he is seeking in this lawsuit. Primarily, he discussed damage to his property. The only type of damage that he alleged at his deposition that even remotely resembled emotional distress was damage to his "ego." (John Weckesser Dep. at 85). He provided no further information or description of the damages to his "ego." After discussing property damage and damage to his ego, he was asked if he was seeking any other damages and he replied, "No." (*Id.* at 97). John has not provided an affidavit to the Court that describes any emotional distress he suffered or any other evidence of emotional distress either in response to CBI's Motion or in support of his own motion for partial summary judgment. Instead he relies primarily on a description of the damage to his property and expects this Court to infer that those damages would cause emotional distress. In addition, he alleges that CBI's conduct and the conduct of its counsel in defending this lawsuit have caused him emotional distress.

Barbra Weckesser testified at her deposition that the construction of the water tower caused aggravation and increased stress. (Barbra Weckesser Dep. at 116). She also testified that participating in this lawsuit has caused additional stress. At one point during her deposition, she was asked whether she is claiming personal injuries in this lawsuit. She replied that she did not know if her husband included that claim "but it should be personal injury for the H-E-L-L that I

have had to go through." (*Id.* at 89). Curiously, Mr. Weckesser interjected with the comment, "It's irrelevant," each time his wife attempted to describe the stress she endured. (*See id.*) Barbra claims in her response that she has been treated for depression, but she has not provided an affidavit, medical records, or other evidence that would describe or support her claim for emotional distress. She, like her husband, relies on a description of her property damage claims and CBI's conduct in defending his lawsuit in an attempt to support her emotional distress claim.

## DISCUSSION

Any party to a civil action may move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. FED. R. CIV. P. 56. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

"A plaintiff may not recover for a claim of negligent infliction of emotional distress without showing that he or she suffered a physical injury." *Waters v. Allegue*, 980 So. 2d 314, 318 (¶ 13) (Miss. Ct. App. 2008) (citing *Wilson v. GMAC*, 883 So. 2d 56, 65 (¶¶ 29) (Miss. 2004)); *see also Hudson v. Palmer*, 977 So. 2d 369, 384 (¶45) (Miss. Ct. App. 2007). "To establish a claim for intentional infliction of emotional distress, the plaintiff must show that the

defendant through 'extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to another . . . .'" *Waters*, 980 So. 2d at 318-19 (¶ 14) (quoting *Peoples Bank & Trust Co. v. Cermack*, 658 So. 2d 1352, 1365 (Miss. 1995)). If the defendant's conduct evokes outrage or revulsion, a plaintiff can recover for intentional infliction of emotional distress even in the absence of physical injury. *Jones v. Fluor Daniel Servs. Corp.*, 959 So. 2d 1044, 1048 (¶¶ 16-17) (Miss. 2007).

As explained previously, a party opposing summary judgment cannot rely on unsupported allegations or denials in its pleadings but must submit affidavits or other evidence that demonstrate the existence of a genuine issue of material fact. *Anderson*, 477 U.S. at 256-57. The Weckessers have not presented any evidence to the Court that demonstrates that they suffered physical harm. Furthermore, they have barely even described the emotional distress they claim to have suffered to the Court. Barbra has merely mentioned stress and depression, and John has only mentioned damage to his ego.

In addition, assuming, for the sake of argument only, that the Weckessers' allegations against CBI are true, the Court finds that the alleged conduct on the part of CBI did not rise to the level required for demonstrating emotional distress in the absence of physical injury. The Weckessers argue that CBI's construction of the water tower caused damage to their home and cars and that CBI ignored the Weckessers' requests that construction be completed in such a manner that would not cause additional damage to their home. They further allege that CBI failed to adequately compensate them for the damages. This conduct was not extreme or outrageous and does not evoke outrage or revulsion that would be likely to cause severe emotional distress.

As a result, the Court finds that there is no genuine issue of material fact that CBI is entitled to summary judgment regarding the Weckessers' emotional distress/mental anguish claims. Thus, those claims must be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Partial Summary Judgment regarding John Weckesser's Mental Anguish Claims [261] and the Motion for Partial Summary Judgment regarding Barbra Weckesser's Mental Anguish Claims [263] filed by CBI are **GRANTED**. The Weckessers' emotional distress claims against CBI are dismissed.

**IT IS FURTHER ORDERED AND ADJUDGED** that John Weckesser's Motion for Partial Summary Judgment regarding his Mental Anguish Claims [284] and Barbra Weckesser's Motion for Partial Summary Judgment regarding her Mental Anguish Claims [286] are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 14th day of May, 2010.

*s/ Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge