IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN WECKESSER and § | | |
| BARBARA WECKESSER § | | PLAINTIFFS |
| § | | |
| v. § | Civil Action No. 1:08-cv-357-LG-RHW | |
| § | | |
| CHICAGO BRIDGE AND IRON § | | |
| and L.G. BARCUS & SONS, INC. § | | DEFENDANTS |

### ORDER DENYING PLAINTIFFS' "MOTION OF APPEAL"

**BEFORE THE COURT** are the "Motion of Appeal"[1] [365] and the Motion for Relief from Judgment or Order [371] filed by the plaintiffs, who seek a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure and request a stay of the Court's Judgment awarding costs to the defendants while the Motion of Appeal is pending. L.G. Barcus has filed responses in opposition to the Motions, and Chicago Bridge and Iron has joined in those responses. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the plaintiffs have not demonstrated that they are entitled to a new trial. Furthermore, the Motion for Relief from Judgment is moot, given that this Court has denied the Motion of Appeal.

### DISCUSSION

The plaintiffs filed this lawsuit pro se, claiming that the defendants caused damage to their home while constructing a water tower. Following a two-day trial, a jury determined that the plaintiffs should recover nothing, and this Court entered a

---

[1] Because the plaintiffs seek a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure, the Court has treated the Motion for Appeal as a Motion for a New Trial, rather than a Notice of Appeal.

judgment in favor of the defendants. The plaintiffs now seek a new trial, alleging fraud, insufficient notice of the trial date to secure essential out-of-state witnesses, and manufactured evidence provided to the plaintiffs two days prior to trial. The plaintiffs also claim that testimony given by CBI's expert civil engineer, Mark White, was outrageous. In support of their Motion, the plaintiffs have provided affidavits to the Court that describe the effects of the construction of the tower at length and contain estimates of the damage caused by the construction.

Rule 59(a) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612 (5th Cir. 1985).

The plaintiffs have not explained what conduct on the part of the defendants constituted fraud, and the Court is not aware of any fraud committed by any party. Therefore, the plaintiffs are not entitled to a new trial on this basis.

The Court also finds that the plaintiffs were given sufficient time to prepare for trial and to ensure the attendance of their out-of-state witnesses. The October 18, 2010, trial date was set at the pretrial conference held on August 13, 2010. On October 5, 2010, the trial date was continued due to a conflict with the Court's criminal calendar, but the original trial date was reinstated on October 13, 2010, after the

conflicting criminal matter was resolved.  The plaintiffs were immediately notified of the reinstatement of the original trial date by telephone.  The plaintiffs had five days to secure the attendance of their witnesses.  Furthermore, it should be noted that the plaintiffs have not identified what witnesses were unavailable or what testimony they would have given.  As a result, the Court finds that the plaintiffs have not demonstrated that they are entitled to a new trial on this basis.

The plaintiffs also claim that L.G. Barcus provided manufactured evidence to them two days before trial.  This evidence consists of photographs of a construction site.  The plaintiffs claim that some of the photographs depict a construction site other than that at issue.  The plaintiffs questioned their witnesses about the photographs at trial, but the photographs were never introduced into evidence and were never shown to the jury by any party.  Thus, there is no indication that the photographs in any way affected the jury's decision to return a verdict in favor of the defendants.  As a result, the plaintiffs are not entitled to a new trial on this basis.

The plaintiffs also claim that they are entitled to a new trial due to the testimony of CBI's expert civil engineer, Mark White, but the plaintiffs have not demonstrated that any testimony given by White was incorrect.  The plaintiffs were permitted to conduct a full cross-examination of White, and they could have presented their own expert to the jury in an effort to rebut his testimony if they wished, but they chose not to do so.  As a result, the plaintiffs have not demonstrated that they are entitled to a new trial due to White's testimony.

Finally, the plaintiffs did not present the majority of the information contained

in their affidavits to the jury, although this information was available to the plaintiffs prior to trial. Therefore, the plaintiffs cannot rely on this information in an attempt to obtain a new trial. As a result, the plaintiffs' Motion must be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the "Motion of Appeal" [365] filed by the plaintiffs is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Motion for Relief from Judgment or Order [371] filed by the plaintiffs is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 10th day of January, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE