IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN WECKESSER and § | | |
| BARBARA WECKESSER § | | PLAINTIFFS |
| § | | |
| v. § | Civil Action No. 1:08-cv-357-LG-RHW | |
| § | | |
| CHICAGO BRIDGE AND IRON § | | |
| and L.G. BARCUS & SONS, INC. § | | DEFENDANTS |

### ORDER GRANTING PLAINTIFFS' MOTIONS
### FOR AUDIT OF DEFENDANTS' BILLS OF COSTS

**BEFORE THE COURT** are the Motion for Audit of Chicago Bridge and Iron's Bill of Costs [372] and the Motion for Audit of L.G. Barcus and Sons' Bill of Costs [373] filed by the plaintiffs. The defendants have filed responses in opposition to these Motions. Upon reviewing the submissions of the parties and the applicable law, the Court finds that CBI's costs should be reduced to $2216.28, and L.G. Barcus' costs should be reduced to $2592.39.

### DISCUSSION

The plaintiffs filed this lawsuit pro se, claiming that the defendants caused damage to their home while constructing a water tower. Following a two-day trial, a jury determined that the plaintiffs should recover nothing. As a result, this Court entered a judgment awarding costs to the defendants.

Rule 54 of the Federal Rules of Civil Procedure provides that the prevailing party to a lawsuit shall be entitled to recover its costs. The costs that can be imposed under Rule 54 are defined by 28 U.S.C. § 1920, which provides:

A judge or clerk of any court of the United States may tax as costs the

following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. An award of costs is within the discretion of the trial court. *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). A "court may decline to award costs listed in the statute but may not award costs omitted from the list." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993).

## I. CBI'S BILL OF COSTS

CBI seeks recovery of the following costs:

| | | |
|---|---|---|
| (1) | fees of the clerk | $100.00 |
| (2) | fees for service of summons and subpoena | $440.00 |
| (3) | fees for printed or electronically recorded transcripts | $1299.01 |
| (4) | fees for witnesses | $1991.90 |
| (5) | fees for exemplification | $400.55 |
| (6) | other costs | $2300.48 |

Thus, the costs claimed by CBI total $6531.94. The plaintiffs object to the fees of the clerk, the witness fees, copying fees pertaining to enlargements, a public records search, fees for copies of medical records, and investigation fees pertaining to two

-2-

witnesses, Denis Sellers and Gregory Spies. The Court will address each of these objections.

### A. Fees of the Clerk

CBI seeks recovery of the $100.00 pro hac vice admission fee paid by attorney Matthew Lindsay. Pro hac vice fees are not recoverable under Section 1920, because they are expenses of counsel, not of the client. *Smith v. Fresh Cut Floral & Catering, Inc.*, No. 3:07cv661-WHB-LRA, 2008 WL 4539630 at *2 (S.D. Miss. Oct. 7, 2008). Therefore, this Court will not award this cost to CBI.

### B. Witness Fees

CBI seeks $80.00 in attendance fees for a witness, Mark Castino of Houston, Texas, in addition to $551.90 in airfare costs. It also seeks reimbursement of $1360.00 in expert witness fees paid to Mark White for his attendance at trial.

Witness fees are governed by 28 U.S.C. §1821. The plaintiffs claim that Castino was not a witness at trial, and that White's fees should be stricken because he should not be qualified as a witness. CBI responds that Castino was its corporate representative and a witness that was listed on its witness list, although he was named as "Mary Castino," due to a typographical error.

Parties to a lawsuit, including corporate representatives, are not entitled to witness fees and travel expenses. *Carrubba v. Harrison Cnty., Miss.*, No. 1:07cv1238-LG-RHW, 2010 WL 4718891 at *1 (S.D. Miss. Nov. 15, 2010); *Morrison v. Alleluia Cushion Co.*, 73 F.R.D. 70, 71 (N. D. Miss. 1976). Therefore, CBI is not entitled to recover a witness fee or travel expenses for Castino's attendance at trial.

As for White, who traveled from Mobile, Alabama, the Court finds that CBI is entitled to recover attendance fees and travel expenses, but his attendance fee is limited to $40 per day, and his mileage is limited to that set forth at 28 U.S.C. §1821(c)(2), which is $0.51 per mile. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). Therefore, CBI is entitled to recover a $40.00 attendance fee for White's attendance at one day of trial, and $36.72 for mileage fees.

### C.  Copying Fees for Medical Records and Enlargements

Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case are expressly permitted under 28 U.S.C. § 1920. Therefore, these costs are recoverable.

### D.  Other Costs

The following expenses listed by CBI as "other costs" are not recoverable pursuant to Section 1920, and thus, must be stricken by the Court: investigation of Gregory Spies-$115.00, pretrial expert witness expenses-$1105.00, expert witness expenses for trial preparation- $680.00, investigation of Denis Sellers- $309.87, public records search- $15.75, postage- $34.49, and Federal Express courier fees- $40.37.

## II.  L.G. BARCUS' BILL OF COSTS

L.G. Barcus seeks recovery of the following costs:

| | | |
|---|---|---|
| (1) | Fees for service of summons and subpoena | $146.00 |
| (2) | Fees for printed or electronically recorded transcripts | $1054.27 |
| (3) | Fees for witnesses | $2475.53 |
| (4) | Fees for exemplification | $163.75 |

Thus, the costs claimed by L.G. Barcus total $3839.55. The plaintiffs object to the

witness fees and the cost of copying a "DVD" of photos. They also object to fees for telephone calls, but the Court has found no reference to telephone calls in the materials produced by L.G. Barcus.

### A. Witness Fees

The witness fees pertain to Doug Barcus and Thomas Roberts. Roberts was L.G. Barcus' corporate representative. Therefore, for the reasons stated previously, he is not entitled to witness fees of any kind. Furthermore, Barcus' fees are limited to that permitted pursuant to 28 U.S.C. § 1821. The Court has reviewed Barcus' claimed subsistence fees, and finds that they are in accordance with the statute. Furthermore, he is entitled to his airfare, parking costs, and rental car costs. As a result, the Court finds that the following costs related to Thomas Roberts should be stricken: travel - $456.70, lodging- $332.64, and meals - $264.79.

### B. Cost of Copying "DVD" of Photos

Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case are recoverable pursuant to Section 1920. The plaintiffs' own arguments demonstrate that at least some of the photographs on the disc were obtained for use in the case. Therefore, this cost is recoverable.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Audit of Chicago Bridge and Iron's Bill of Costs [372] is GRANTED. Chicago Bridge and Iron's costs are reduced to $2216.28.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion for Audit of

L.G. Barcus and Sons' Bill of Costs [373] filed by the plaintiffs is GRANTED.  L.G. Barcus' costs are reduced to $2592.39.

**SO ORDERED AND ADJUDGED** this the 10th day of January, 2011.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE