IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN AND BARBARA WECKESSER** § | | **PLAINTIFFS** |
| § | | |
| v. § | Civil Action No. 1:08CV357-LG-RHW | |
| § | | |
| **CHICAGO BRIDGE and IRON and** § | | |
| **L.G. BARCUS and SONS, INC.** § | | **DEFENDANTS** |

**ORDER DENYING THE PLAINTIFFS' MOTION FOR
RECONSIDERATION OF THE COURT'S ORDER
DENYING THEIR MOTION FOR A NEW TRIAL**

BEFORE THE COURT is the plaintiffs' Motion [386] seeking reconsideration of this Court's Order [381] denying their Motion for a New Trial.  The defendants have filed a response in opposition to the Motion, but the plaintiffs' have not filed a reply.  Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion for Reconsideration should be denied.

DISCUSSION

The plaintiffs filed this lawsuit pro se, claiming that the defendants caused damage to their home while constructing a water tower.  Following a two-day trial, a jury determined that the plaintiffs should recover nothing, and this Court entered a judgment in favor of the defendants.  The plaintiffs filed a motion seeking a new trial, which was denied by this Court by Order [381] entered on January 10, 2011.  The plaintiffs then filed a Notice of Appeal on January 21, 2011.

On February 25, 2011, the plaintiffs filed the present Motion for Reconsideration of this Court's Order denying the Motion for a New trial.  In support of their Motion, they claim that they were subjected to intimidation, lambasting, and bias by the Court.

They assert that the Court's bias was demonstrated in front of the jury by the Court's refusal to admit evidence.  They further claim that they were told that they could not present evidence, because they are not expert lawyers.  They also argue that defense counsel withheld information regarding a crucial witness that served as the supervisor of the construction site.  In addition, they claim that pages were missing from defendant Chicago Bridge and Iron's initial disclosures.

Furthermore, the plaintiffs allege that the "faulty audio system" in the courtroom caused them nuisance, distraction, and annoyance.  Moreover, they claim that L.G. Barcus provided fifty photographs of another construction site two days before trial.  They also allege that the defendants' expert witness committed fraud and conspiracy in an effort to cover up the plaintiffs' damages.  Finally, the plaintiffs argue that they were not provided ample time to ensure the attendance of their out-of-state witnesses at trial.

The plaintiffs do not state whether their Motion is filed pursuant to Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b).  A motion for reconsideration of an order must be filed no later than twenty-eight days after the entry of the order.  Fed. R. Civ. P. 59(e).  However, an untimely Rule 59(e) motion may be treated as a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief.  *Benson v. St. Joseph Regional Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009).[1]

---

[1] Where a party has filed a Notice of Appeal before filing a Rule 60(b) motion, a district court has jurisdiction to consider and deny the Rule 60(b) motion.  *Lopez Dominguez v. Gulf Coast Marine & Assoc.*, 607 F.3d 1066, 1073-74 (5th Cir. 2010); *see also* Fed. R. Civ. P. 62.1.  The district court may also notify the movant if it intends to

Rule 60(b) provides that the court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Since the present Motion was filed over twenty-eight days after the Court's Order denying the Motion for New Trial and the entry of the Judgment in this matter, the Court will consider the Motion under Rule 60(b). The only arguments made by the plaintiffs that appear to fall within Rule 60(b) are the allegations that an expert witness, Mark White, committed fraud and that opposing counsel engaged in misconduct. The plaintiffs claim that the expert committed fraud by providing a description of a vehicle used at the construction site that differed from John Weckesser's description of the vehicle. They also claim that White denied ever witnessing an auger piling being installed and that he has never visited the construction site since he performed tests there. The plaintiffs' remaining arguments are difficult to follow but concern the plaintiffs' claim that the tower was built on top of a landfill or salt marsh. They claim that White's testimony constituted a complete "denial and dissociation of his own report." Finally, the plaintiffs claim that the Court prevented them from concluding their examination of White.

---

grant such a motion, so that the movant can have the opportunity to request remand of the appeal in order to vest the district court with jurisdiction to grant the motion. *Lopez Dominguez*, 607 F.3d at 1074.

First, the plaintiffs' arguments do not support their claim that White committed fraud or any other misconduct. Furthermore, some of the plaintiffs' arguments concerning this expert are clearly contradicted by the transcript of the trial. For example, White actually testified that he had "witnessed auger cast pilings on many occasions." (Tr. at 230, li. 9). In addition, the Court did not prevent the plaintiffs from concluding their cross-examination of White, but stated, "I'm not cutting you off . . . . I don't want to interfere with your cross-examination." (Tr. at 233, li. 7-10). John Weckesser then stated, "I'm done, Your Honor." (Tr. at 233, li. 11).

Issues concerning White's credibility and the weight that should be given to his testimony were issues for the jury, and the plaintiffs were given every opportunity to cross-examine White in an attempt to diminish his credibility. *See Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 480 (5th Cir. 2007); *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077-78 (5th Cir. 1996); *Newport Ltd. v. Sears, Roebuck & Co.*, 6 F.3d 1058, 1069 (5th Cir. 1993); *V&S Ice Mach. Co. v. Eastex Poultry Co.*, 437 F.2d 422, 426 (5th Cir. 1971). Because the plaintiffs have not demonstrated that White committed fraud or other misconduct, the Court finds that this issue is without merit.

The plaintiffs also claim that counsel for the defense committed misconduct by preventing them from having access to a witness, by providing photographs of a different construction site two days prior to trial, and by failing to timely provide pleadings and discovery to the plaintiffs. Assuming for the sake of argument only that these assertions are truthful, the plaintiffs have not demonstrated that they were prejudiced. The plaintiffs never argued at trial that the defendants prevented them

from calling a witness or that any evidence presented was incomplete. The plaintiffs did address the photographs produced just prior to trial, but only the plaintiffs attempted to admit those photographs into evidence. As a result, the Court finds that the plaintiffs are not entitled to relief on this ground.

The Court further finds that the plaintiffs' allegations that the Court mistreated them and exhibited bias toward them are without merit. The Court merely held the plaintiffs to the same standard of decorum required of all litigants and attorneys in the courtroom. The Court did not tell the plaintiffs that they could not enter evidence into the record but merely cautioned them that certain procedures were required and, thus, it would be wise to familiarize themselves with those procedures or to hire an attorney to assist them at trial. Furthermore, the problems with the audio system in the courtroom were not sufficient to cause the plaintiffs any prejudice, and if the plaintiffs had difficulty hearing any of the proceedings, they should have notified the Court.

Finally, the plaintiffs have not demonstrated that they were prejudiced by their alleged ability to procure out-of-state witnesses. The only two witnesses discussed by the plaintiffs in their Motion are John Weckesser, Jr., who would have testified as to the plaintiff, John Weckesser, Sr.'s expertise in the construction industry, and Mark Farris, who would have provided testimony concerning Barbara Weckesser's mental anguish and other damages he witnessed. These witnesses would not have assisted the plaintiffs' presentation of their case. John Weckesser, Sr.'s expertise in the construction industry is irrelevant to this case, since he was not designated as an expert witness. Furthermore, John Weckesser, Sr., could have given testimony

concerning his construction expertise to the jury but chose not to do so. Barbara Weckesser's mental anguish is also irrelevant, because her mental anguish claim was dismissed by the Court. Moreover, Barbara and John Weckesser were provided the opportunity to describe the damages they claim to have suffered to the jury. Therefore, the Court finds that the plaintiffs have not demonstrated that they are entitled to a new trial or to relief from the judgment entered in this case.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the plaintiffs' Motion [386] seeking reconsideration of this Court's Order [381] denying their Motion for a New Trial is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 25th day of March, 2011.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge